FILED
SUPERIOR COURT
OF GUAM

2024 MAY 20 PM 4: 44

CLERK OF COURT

BY:_____ ᶋᶬ_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HYUNG GON KIM and SOL YOUNG EUH, | CIVIL CASE NO. CV0188-22 |
| **Plaintiffs,** | |
| vs. | |
| ANTONIO A. SABLAN, PAUL SABLAN, and PRIMOS HEAVY EQUIPMENT AND RENTAL SERVICES, | **DECISION AND ORDER RE PRIMOS HEAVY EQUIPMENT AND RENTAL SERVICES MOTIONS TO DISMISS** |
| **Defendants.** | |
| PRIMOS HEAVY EQUIPMENT AND RENTAL SERVICES, | |
| **Cross-Plaintiff,** | |
| vs. | |
| ANTONIO A. SABLAN and PAUL SABLAN, | |
| **Cross-Defendants.** | |
| ANTONIO A. SABLAN, | |
| **Counterclaim-Plaintiff,** | |
| vs. | |
| PRIMOS HEAVY EQUIPMENT AND RENTAL SERVICES, | |
| **Counterclaim-Defendant.** | |

This matter came before the Honorable Dana A. Gutierrez on February 20, 2024 upon two motions to dismiss filed by Primos Heavy Equipment and Rental Services ("Primos"): (1) Motion to Dismiss First Amended Complaint Against Primos ("MTD First Amended

Complaint"); and (2) Motion to Dismiss Counterclaim ("MTD Counterclaim"). Present at the hearing was Attorney Minakshi Hemlani and Attorney Yusuke Haffeman-Udagawa representing Primos; Attorney Charles McDonald representing Defendant Antonio A. Sablan ("Antonio"); and Attorney George Valdes representing Hyung Gon Kim and Sol Young Euh (collectively, "Plaintiffs"). Upon review of the pleadings, arguments of the parties, and applicable Guam law, the Court hereby **DENIES** Primos' MTD First Amended Complaint and **GRANTS** Antonio leave of court to amend his Counterclaim.

## BACKGROUND

On March 28, 2022, Plaintiffs filed their Complaint for Trespass and Unjust Enrichment against Antonio and Paul Sablan ("Paul"). Antonio filed his Answer on May 5, 2023.[1] On August 7, 2023, Plaintiffs and Antonio filed, and the Court issued, a Stipulation and Order to File First Amended Complaint for Trespass and Unjust Enrichment.[2] On August 9, 2023, Plaintiffs filed their First Amended Complaint against Antonio, Paul, and Primos, including three causes of action—trespass, negligence, and unjust enrichment.

On September 18, 2023, Primos filed its MTD First Amended Complaint. On the same day, Primos also filed its Cross-Complaint against Antonio and Paul. On October 16, 2023, Plaintiffs filed their Opposition to Primos' Motion to Dismiss ("Opposition to MTD First

---

[1] The delay between the filing of Plaintiffs' initial Complaint and Antonio's Answer is a result of the fact that default was entered against Antonio, which the Court set aside. The Clerk of Court entered default against Antonio on May 27, 2022. On July 8, 2022, Antonio filed a Motion to Set Aside Entry of Default, which Plaintiffs opposed. After hearing the motion, the Court issued a Decision and Order Granting Defendant Antonio Sablan's Motion to Set Aside Entry of Default on April 20, 2023.

[2] Defendant Paul has not appeared in this matter, and thus did not sign the stipulation.

Amended Complaint"). On November 1, 2023, Primos filed its Reply in Support of Motion to Dismiss Primos ("Reply in Support of MTD First Amended Complaint").

On October 17, 2023, Antonio filed his Answer to Cross-Complaint and Counterclaim ("Antonio's Counterclaim"), asserting negligence against Primos. On November 3, 2023, Primos filed its MTD Counterclaim. On December 1, 2023, Antonio filed his Opposition to MTD Counterclaim. On December 15, 2023, Primos filed its Reply in Support of MTD Counterclaim.

## DISCUSSION

Generally, motions to dismiss are "viewed with disfavor and [are] rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). "Dismissal is only proper if it is clear . . . that the complaint could not be saved by any amendment." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9.

### 1.    The Court Denies Primos' MTD First Amended Complaint

In their First Amended Complaint, Plaintiffs allege that Defendants cleared and graded Plaintiffs' real property and removed soil from Plaintiffs' property without permits, notification to Plaintiffs, or Plaintiffs' permission. *See generally* First Amended Complaint. Plaintiffs allege that Paul "hired Primos to provide an operator of a Caterpillar d-8 bulldozer to clear and grade the land." *Id.* at 2-3. Plaintiffs claim that Primos is liable for trespass and negligence. *Id.* at 2-5.

Primos seeks to dismiss Plaintiffs' First Amended Complaint against Primos under Guam Rules of Civil Procedure ("GRCP") 12(b)(1), which provides for dismissal when the Court lacks jurisdiction over the subject matter of a claim, or GRCP 12(b)(6), which provides for dismissal for failure to state a claim upon which relief can be granted.

3

A.     GRCP 12(b)(1) Does Not Offer Grounds to Dismiss Plaintiffs' First Amended Complaint Against Primos

GRCP 12(b)(1) provides for dismissal when the Court lacks jurisdiction over the subject matter of a claim. "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim." *Taitano v. Lujan*, 2005 Guam 26 ¶ 15. To satisfy the "irreducible constitutional minimum of standing," a plaintiff must: (1) have suffered an injury in fact, (2) demonstrate a causal connection between the injury and the complained-of conduct, and (3) show that a favorable decision by the court will likely redress the injury. *Benavente v. Taitano*, 2006 Guam 15 ¶ 15.

Under their negligence cause of action, Plaintiffs claim "Primo's had a duty to obtain a clearing and grading permit on behalf of Defendants . . . ." First Amended Complaint at 4. In response, Primos argues:

> Even if Primos had a duty to obtain permits, Plaintiffs lack standing to assert these claims on behalf of the Guam Environmental Protection Agency ("GEPA"). Title 10 GAR Chapter 10,[3] which regulates clearing and grading activities, does not provide for a private right of action to enforce such regulations. GEPA, and not the public, enforces its regulations.

MTD First Amended Complaint at 6.

In this matter, Plaintiffs allege that they have suffered an injury in that their real property has been damaged and they have lost soil as a result. *See generally* First Amended Complaint. Plaintiffs allege that those damages were caused by trespassing and negligence in clearing and grading Plaintiffs' property without permits or Plaintiffs' permission. *Id.* Plaintiffs do not seek to

---

[3] The Court notes that the Guam Administrative Rules and Regulations ("GARR") do not contain a Title 10, Chapter 10. Title 10 of the GARR governs Harbors and Navigation. However, GARR Title 22, Chapter 10 governs Guam Soil Erosion and Sediment Control Regulations.

enforce GEPA's regulations, but instead allege that no permits were obtained to clear and grade Plaintiffs' land as part of their argument to support their claims of trespass and negligence. *Id.* Finally, a decision granting Plaintiffs' prayer for compensatory and punitive damages, restitution of their property, and a constructive trust over the disputed soil, would redress the injury. *Id.* Therefore, Plaintiffs have standing to bring this suit and dismissal pursuant to GRCP 12(b)(1) is improper.

**B.      GRCP 12(b)(6) Does Not Offer Grounds to Dismiss the First Amended Complaint Against Primos**

**i.      The Court Converts Primos' MTD First Amended Complaint to a Motion for Summary Judgment**

GRCP 12(b)(6) provides grounds for dismissal for failure to state a claim upon which relief can be granted. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated in the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. When analyzing a GRCP 12(b)(6) motion to dismiss, the Court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 15. Otherwise, a trial court "must convert the dismissal motion into a summary judgment motion whenever it considers extraneous material outside the pleadings." *Core Tech Int'l Corp. v. Hanil Eng'g & Const. Co., Ltd.*, 2010 Guam 13 ¶ 26-29.

Here, Primos attached as Exhibit A to its MTD First Amended Complaint, "copies of four invoices evidencing" that Paul "rented a Caterpillar 8 bulldozer, along with an operator for the equipment, from Primos . . . . The equipment operator was rented from Primos on an hourly basis at the rate of $150.00 per hour." MTD First Amended Complaint at 3. Primos relied on the

evidence put forth in Exhibit A as they argued that the fact that its worker was paid hourly is crucial to the analysis of whether Primos is liable for trespassing. *Id.* at 8. However, the invoices were not attached to nor referenced in the First Amended Complaint, and the invoices contain information that is not stated in the First Amended Complaint. Because the Court is presented with extraneous material which was not included nor heavily relied upon in the First Amended Complaint, the Court must convert Primos MTD First Amended Complaint to a motion for summary judgment.

### ii.     The Court Denies Primos' Converted Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." GRCP 56(a). A genuine dispute of fact exists when "there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact, which is one that is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.*

"A movant bears the initial burden to show that undisputed facts in the record support a *prima facie* entitlement to the relief requested. If the movant satisfies this burden, the burden then shifts to the [non-movant] to show that there exists a material question of fact that would preclude the grant of summary judgment." *Estate of Cruz v. Detry Corporation*, 2023 Guam 14 ¶ 24. "The court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. The court's "ultimate

6

inquiry is to determine whether a 'specific fact' set forth by the nonmoving party, coupled with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8.

    a.  **The Court Denies Summary Judgment Regarding the Trespass Claim**

  Primos and Plaintiffs dispute the nature of the employment relationship between Paul, Primos, and the bulldozer operator, and thus whether Primos is liable for the bulldozer operator's alleged trespass under the doctrine of respondeat superior. Primos argues that "Primos cannot be held vicariously liable for trespass when the equipment operator acted as the agent and borrowed servant of Defendant Paul Sablan . . . . The borrowed servant doctrine applies in relieving the lending employer of liability for the trespass of its servant." MTD First Amended Complaint at 7. To establish that the bulldozer operator was a borrowed servant, Primos argues that Paul Sablan "had complete direction and control over the operator's actions at the subject property." *Id.* at 9. To the contrary, Plaintiffs argue that the bulldozer operator was not a borrowed employee and that "Defendants did not have operational control over the employee." Opp'n to MTD First Amended Complaint at 9. Instead, Plaintiffs state that Primos was an independent contractor, and that the "respondeat superior rule does not apply to cases in which injury results from the negligent acts of an independent contractor." *Id.* at 7.

  When classifying workers as a borrowed servant or independent contractor, courts have outlined various tests with numerous factors, but they generally consider at least the level of control that the employer has over the worker. *McCollum v. Smith*, 339 F.2d 348, 351 (9th Cir. 1964) (stating that to determine whether a worker is a borrowed servant, "a factor usually considered to be controlling is the location of the power to control the servant."); *Ruiz v. Affinity*

*Logistics Corp.*, 754 F.3d 1093, 1101 (9th Cir. 2014) (stating that in California, when determining whether a worker is an employee or independent contractor, "the right to control work details is the most important or most significant consideration."); *Slayman v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1042 (9th Cir. 2014) (stating that in Oregon, "[d]irect evidence of the right to control is the most important factor" when determining whether a worker is an employee or independent contractor.).

Generally, classifying workers as independent contractors or borrowed servants is a question of fact; however, if the facts are undisputed and permit only one inference, then it is a question of law. *Moffitt v. U.S.*, 995 F.2d 232 (9th Cir. 1993) ("The nature and extent of control by an employer over an independent contractor's work is question of fact to be determined by a consideration of all the circumstances."); *Leman v. Volmut*, 2023 WL 7034411 (Ill. App. 1 Dist., 2023) ("Whether a borrowing employer-employee relationship exists is generally a question of fact, but if the facts are undisputed and permit a single inference, the question is one of law."); *Great Atlantic & Pacific Tea Co., Inc. v. Imbraguglio*, 346 Md. 573, 697 A.2d 885 (1997) ("Ordinarily, the existence of the employer/employee relationship is a question reserved for the fact finder. When, however, the existence of the relationship is undisputed, or the evidence on the issue is uncontroverted, unless conflicting inferences can be drawn from that evidence, the trial court is entitled to treat the matter as a question of law."); *Cruz as Next Friend of Cruz v. Lopez*, 301 Neb. 531, 919 N.W.2d 479, 483 (2018) ("Ordinarily, a party's status as an employee or an independent contractor is a question of fact. However, where the facts are not in dispute and where the inference is clear that there is, or is not, a master and servant relationship, the matter is a question of law.").

Whether Paul hired Primos as an independent contractor or Paul hired the bulldozer operator as a borrowed servant is a material fact because it may affect the outcome of the Plaintiffs' trespass claim against Primos. As Primos argues, if the bulldozer operator is a borrowed servant, Primos may not be liable for trespass because Paul, as the temporary principal of the bulldozer operator, may be solely liable for his job-related torts under respondeat superior. *See Marsh v. Tilley Steel Co.*, 26 Cal. 3d 486, 606 P.2d 355 (1980) (stating that when "the 'general' employer lends an employee to another employer and relinquishes to a borrowing employer all right of control over the employee's activities . . . the special employer becomes solely liable under the doctrine of respondeat superior for the employee's job-related torts."). However, as Plaintiffs argue, if Primos was an independent contractor, Paul may not be liable for Primos' actions because generally, the hirer of an independent contractor does not face liability under respondeat superior. *Yanez v. U.S.* 63 F.3d 870 (9th Cir. 1995) ("[T]he general rule, subject to numerous exceptions, is that a principal is not liable for torts committed by an independent contractor.")

In this matter, Plaintiffs and Primos generally dispute the level of control that Paul had over the bulldozer operator. Primos has failed to meet its burden to demonstrate that undisputed facts in the record prove that the bulldozer operator was a borrowed employee. The record is not developed enough for the Court to find that a single inference exists to permit the Court to treat the issue as a question of law. Given the information before the Court, a reasonable finder of fact *may* determine that Paul's level of control over the bulldozer operator was not indicative of a borrowed servant relationship, and instead that Paul hired Primos as an independent contractor. Therefore, viewing the evidence and drawing inferences most favorable to the Plaintiffs, the

Court finds that it cannot, without more, treat the issue of the relationship between Paul, Primos, and the bulldozer operator as a question of law. Thus, a genuine dispute of material fact exists regarding the trespass claim.

### b. The Court Denies Summary Judgment Regarding the Negligence Claim

"In a case for negligence, the establishment of tort liability requires the existence of a duty, the breach of such duty, causation and damages." *Guerrero v. McDonald's Intern. Property Co., Ltd.,* 2006 Guam 2 ¶ 9. Typically, the existence of a duty is a question of law, while the existence of breach and causation are questions of fact. *Hayes v. County of San Diego,* 736 F.3d 1223, 1232 (9th Cir. 2013) ("While breach of duty and proximate cause normally present factual questions, the existence of a legal duty in a given factual situation is a question of law for the courts to determine."); *Pacheco v. U.S.,* 515 P.3d 510, 521 (9th Cir. 2022) ("The existence of a legal duty is a question of law . . . issues of breach and proximate cause are questions of fact"). However, "[a]lthough causation often presents a question of fact for the jury, 'where the facts are such that the only reasonable conclusion is an absence of causation, the question is one of law, not of fact." *Steinle v. U.S.,* 17 F.4th 819, 822 (9th Cir. 2021). The existence of breach and causation are material facts because they are necessary elements to prove negligence, and thus, if disputed, summary judgment must be denied.

Plaintiffs and Primos dispute whether Primos breached a duty. Title 18 Guam Code Annotated ("GCA") Section 90107 provides that "[e]very one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person . . . ." 18 GCA § 90107. Although in their pleadings Plaintiffs and Primos dispute which duties Primos owed Plaintiffs, they agree that

Primos at least owed Plaintiffs the ordinary duty of care provided by 18 GCA § 90107. *See* MTD First Amended Complaint at 4 (Primos arguing "Plaintiffs can only allege a breach of ordinary duty owed pursuant to 18 GCA § 90107."); *see also* Opp'n to MTD First Amended Complaint at 3 (Plaintiffs citing 18 GCA § 90107 as the "general rule governing duty.").[4] "The law imposes a general duty of care on a defendant only when it is the defendant who has created a risk of harm to the plaintiff, including when the defendant is responsible for making the plaintiff's position worse." *Brown v. USA Taekwondo,* 11 Cal. 5th 204, 482 P.3d 159, 214 (2021).[5]

Plaintiffs argue that "[i]t was foreseeable that if Primo[s] did not inspect or verify the boundary lines or look at a map, that Primo[s'] clearing would affect the Plaintiffs' property." Opp'n to MTD First Amended Complaint at 5. At the Motion hearing, Plaintiffs further argued that "Primos breached its duty to act reasonably; it could have done many things, including getting permits." Min. Entry, 10:44 AM. To the contrary, Primos argues that it was not required to survey the property or obtain permits. MTD First Amended Complaint at 5.

Although Plaintiffs and Primos did not frame their arguments as a dispute regarding whether Primos breached its ordinary duty of care as provided for under 18 GCA § 90107, their arguments conflict regarding whether Primos acted reasonably when the bulldozer operator

---

[4] It is not clear to the Court if Plaintiffs contend that Primos owes them a duty beyond that provided by 18 GCA § 90107. In their First Amended Complaint, Plaintiffs state that "Primo's had a duty to identify the property lines . . . . Primos also had a duty to obtain a clearing and grading permit . . . ." First Amended Complaint at 4. However, at the Motion hearing, Plaintiffs stated "Primos breached its duty to act reasonably; it could have done many things, including getting permits." Min. Entry, 10:44 AM. The Court need not reach this issue because the parties agree that Primos at least owed Plaintiffs an ordinary duty of care, and even if that is Primos' only duty owed, summary judgment must be denied as explained *infra.*

[5] "California case law provides further guidance since the relevant [statute], 18 GCA § 90107 (duty of ordinary care) . . . [is] derived from the California Civil Code." *Lujan v. Estate of Rosario,* 2016 Guam 28 ¶ 40.

cleared and graded land without obtaining permits, notifying the adjoining landowner, or identifying property lines. Therefore, the Court finds that a question of material fact remains in dispute regarding the issue of breach, and summary judgment must be denied as to Plaintiffs' negligence claim.

Additionally, Plaintiffs and Primos dispute whether Primos' alleged breach of duty to Plaintiffs was the actual and proximate cause of Plaintiffs' damages. "A defendant's conduct is not a cause-in-fact of an injury when the injury would have occurred even if the conduct had not taken place. . . . [T]o constitute proximate cause there must be such a natural, direct, and continuous sequence between the negligent act or omission and the plaintiff's injury that it can reasonably be said that *but for* the negligent act or omission the injury would not have occurred." *Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 13 (internal citations omitted).

Plaintiffs argue that "Primo's breach of its duty of care and its negligence is the proximate cause of the Plaintiffs' damages." First Amended Complaint at 5. Primos rebuts that "there is no causal link between breach of the alleged duty owed and Plaintiffs' alleged injury . . . . [E]ven if a survey was conducted and necessary permits obtained, these actions would not have prevented the direction from Defendant Sablan to enter Plaintiffs' property, and to clear, grade, and remove soil from it." MTD First Amended Complaint at 7.

In this matter, based on the record before the Court, the Court does not find that only one reasonable conclusion exists regarding the issue of causation. A reasonable finder of fact *may* determine that conducting a survey, obtaining permits, or identifying property lines before commencing work, would have prevented Plaintiffs' damages. Therefore, viewing the evidence and drawing inferences most favorable to the Plaintiffs, the Court finds that it cannot, without

12

more, find that the only reasonable conclusion is that Primos alleged breach did not cause Plaintiffs' damages. Therefore, the existence of causation is a second dispute of material fact which prevents the Court from granting summary judgment regarding the negligence cause of action.

In sum, the MTD First Amended Complaint is denied on GRCP 12(b)(1) grounds because Plaintiffs have standing to bring their negligence and trespass claims. The MTD First Amended Complaint is further denied on GRCP 12(b)(6) grounds because it is converted into a Rule 56 motion for summary judgment, and there are genuine issues of disputed fact on both the trespass and negligence causes of action against Primos. Therefore, the Court hereby **DENIES** Primos MTD First Amended Complaint.

## 2. The Court Grants Antonio Leave of Court to Amend his Counterclaim

### A. Antonio's Counterclaim Fails to Allege an Injury

In Antonio's Counterclaim, Antonio claims that Primos is liable for negligence, arguing that Primos breached a duty to identify Plaintiffs' property lines, obtain clearing and grading permits, and notify adjoining property owners prior to clearing and grading. Antonio's Counterclaim at 3-4. Primos seeks to dismiss Antonio's Counterclaim under GRCP 12(b)(1) for lack of jurisdiction and under GRCP 12(b)(6) for failure to state a claim.

As stated, GRCP 12(b)(1) provides for dismissal if a party lacks standing to bring a claim. *Lujan*, 2005 Guam 26 ¶ 15. A party has standing if she (1) suffered an injury in fact, (2) demonstrates a causal connection between the injury and the alleged conduct, and (3) shows that a favorable decision by the court will likely redress the injury. *Benavente*, 2006 Guam 15 ¶ 15.

Primos argues "[Antonio's] Counterclaim has not clearly articulated the harm to Antonio resulting from the alleged breach, except to suggest damages that he may owe to Plaintiffs. Antonio does not have standing to bring a claim for negligence based on an injury incurred by his neighbor, a third party." MTD Counterclaim at 4. In his Opposition to MTD Counterclaim, Antonio states "but for Primos' conduct of clearing the properties without a permit, [Plaintiffs] and Antonio would not be subjected to this lawsuit, injury to property, and/or damages." Opp'n to MTD Counterclaim at 5.

The Court agrees with Primos that, in his Counterclaim, Antonio did not specifically state the injury that he suffered as a result of Primos' alleged negligence. It remains unclear to the Court what injury Antonio alleges that he suffered. Antonio does not have standing to bring suit to assert the rights of the Plaintiffs. *Martin v. Cal. Dep't of Veterans Affairs*, 560 F. 3d 1042, 1050 (9th Cir. 2009) ("As a general rule, a third party does not have standing to bring a claim asserting a violation of someone else's rights."). Therefore, Antonio's Counterclaim is deficient because, without an alleged injury, a party does not have standing to bring a claim.

### B.     Antonio May Amend his Counterclaim to Allege an Injury

As stated previously, motions to dismiss are highly disfavored and the Court shall only dismiss Antonio's Counterclaim if it cannot be saved by an amendment. *Gilligan*, 108 F.3d at 249; *Calvo Finance Corp.*, 2008 Guam 12 ¶ 9. Additionally, GRCP 15(a) provides that a party must seek leave from the court to amend a complaint, but that such leave "shall be freely given when justice so requires." *Arashi & Co. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16. The Court must review whether certain factors are present which may mitigate against granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant,

14

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* Further, an "outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* (citing *Foman v. Davis,* 371 U.S. 178 (1962).[6]

At the Motion hearing, Attorney McDonald stated that if the Court does not deny Primos' MTD Counterclaim, then Antonio requests leave to amend. Min. Entry, 11:15 AM. At this time, it is not clear to the Court whether an amendment could remedy Antonio's Counterclaim because it is not clear what injury Antonio alleges that he suffered, and therefore an amendment would not be futile. *See Chargualaf v. Guam Daily Post-Core Tech,* No. CV23-00024, 2024 WL 643118, *4 (D. Guam Feb. 16, 2024) (permitting plaintiff to amend his complaint to demonstrate that he had standing to sue, and specifically whether he suffered an injury in fact.).

Further, Antonio has never amended his Counterclaim, nor has any issue regarding Antonio's Counterclaim been raised prior to Primos filing its MTD First Amended Complaint. Therefore, the Court does not find that Antonio has exhibited bad faith, caused undue delay, or repeatedly failed to cure his deficiencies. Finally, although his Counterclaim does not allege an injury, it does sufficiently put Primos on notice of the facts and events upon which such claim is based, and therefore would not impose undue prejudice on Primos. *See Eminence Capital LLC v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir. 2003) (holding that absent an affirmative showing of prejudice, a presumption exists in favor of granting leave to amend). Thus, because an

---

[6] "[B]ecause the Guam Rules of Civil Procedure are generally derived from, although not identical to, the Federal Rules of Civil Procedure ("FRCP"), federal decisions that construe the federal counterparts to the Guam Rules of Civil Procedure are persuasive authority." *Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Estate,* 2018 Guam 4 ¶ 9.

amendment may remedy Antonio's Counterclaim, and because Antonio requested in good faith to amend his Counterclaim if the Court finds it deficient, the Court **GRANTS** Antonio leave to amend his Counterclaim to include the injury that he has suffered.

Finally, because the Court grants leave to amend his Counterclaim, the Court will not address Primos' argument to dismiss Antonio's Counterclaim under GRCP 12(b)(6) at this time.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Primos' MTD First Amended Complaint. The Court further **GRANTS** Antonio leave of court to amend his Counterclaim to include Antonio's injury suffered, and **ORDERS** that Antonio file his Amended Counterclaim within twenty (20) days after the issuance of this Decision and Order.

SO ORDERED: ___MAY 2 0 2024___

_____
**HONORABLE DANA A. GUTIÉRREZ**
**Judge, Superior Court of Guam**